UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS TRIOLO,

        Plaintiff,

-against-

CANTOR FITZGERALD SECURITIES, INC., BGC TECHNOLOGY MARKETS, L.P., ESPEED MARKETS, L.P., and NEWMARK GRUBB KNIGHT FRANK,

        Defendants.

ECF Case

Case No.:

**COMPLAINT**

---

Plaintiff Nicholas Triolo ("Plaintiff"), by his attorneys, Conover Law Offices, for his Complaint against defendants, Cantor Fitzgerald Securities, Inc., BGC Technology Markets, L.P., Espeed Markets, L.P., and Newmark Grubb Knight Frank ("Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1.  This is a Fair Labor Standards Act action for damages against defendants to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 162, 190 *et seq.*, 193, 198, 650 *et seq.* and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142 ("NYLL").

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e *et seq.*, and the Court's pendent jurisdiction is invoked for claims arising under state statutory and/or common law.

3.      Venue in the Southern District of New York is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

4.      Plaintiff, Nicholas Triolo, resides in Nassau County, New York and was employed at defendant's office located at 110 East 59th Street, New York, New York from 2005 to the present.

5.      Upon information and belief, Cantor Fitzgerald Securities, Inc. ("Cantor"), is a corporation organized and existing under the laws of New York, with principal offices at 110 East 59th Street, New York, New York 10022, and is an investment bank and brokerage business.

6.      Upon information and belief, defendant, BGC Technology Markets, L.P. ("BGC"), is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 499 Park Avenue, New York, NY 10022, and is global brokerage company servicing the financial and real estate markets.

7.      Upon information and belief, defendant, Espeed Markets, L.P., is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 499 Park Avenue, New York New York, 10022, and is a subsidiary of BGC and develops and deploys electronic marketplaces and related trading technology.

8.      Upon information and belief, defendant, Newmark Grubb Knight Frank "(Newmark"), is a publically traded corporation, organized and existing under the laws of New York, with principal offices at 125 Park Avenue, New York, NY 10017, and is a subsidiary of BGC in the commercial real estate services industry.

2

9. At all relevant times, defendants, BGC, Espeed, and Newmark were established and operate under the ownership and/or control of Cantor (collectively referred to as "defendants" or "Cantor Fitzgerald").

10. Defendants were, and are, enterprises engaged in commerce within the meaning of the FLSA and, upon information and belief, each of the defendants' annual gross volume of sales made or business done was, and is, not less than $500,000.

## FACTS

11. In or about December 8, 2005, plaintiff Nicholas Triolo was employed by Cantor Fitzgerald as a Telecommunications Technician, a position with job functions which included installing telephones and troubleshooting voice communication devices for Cantor Fitzgerald and its affiliates.

12. In or about 2016, Mr. Triolo's title changed to Voice Support Technician, but his job functions stayed the same. He manually installed telephones, checked them to ensure they functioned properly, and manually installed and connected telephone lines to the server for Cantor Fitzgerald and its affiliates.

13. Previously to 2014, Espeed paid Mr. Triolo's salary.

14. Beginning on or about January 2014 through the present, BGC has paid Mr. Triolo's salary.

15. From 2005 through the present, Mr. Triolo worked at, or remotely supported, various Cantor Fitzgerald offices, including the offices of Cantor, Espeed, BGC, and Newmark in various locations, including, but not limited to: Birmingham and Mobile, AL; Phoenix, AZ; Los Angeles, Newport Beach, Palo Alto, and San Francisco, CA; Greenwich, CT; Washington, DC; Miami, Tampa, and West Palm Beach, FL;

Atlanta, GA; Chicago, IL; Burlington, MA; Detroit, MI; Las Vegas, NV; East Brunswick, East Rutherford, Marlton, Morristown, Newark, Princeton, and Rochelle Park, NJ; Melville, White Plains, and New York City, NY; Charlotte, NC; King of Prussia, Philadelphia, and Pittsburgh, PA; Dallas and Houston, TX; and McLean, VA.

16. From 2005 through the present, Mr. Triolo worked in excess of 40 hours per week, but was not paid statutory overtime pay for overtime hours worked.

17. Since 2005 through the present, Mr. Triolo has held the same position and has performed essentially the same job functions.

18. On or about January 13, 2014, Mr. Triolo's supervisors, Larry Viola and John Kelly, advised Mr. Triolo, and his coworkers who performed similar job functions, that the Human Resources and Legal Departments had requested records of their time for the last six years for purposes of payment of overtime.

19. In or about February 2014, Mr. Triolo and his coworkers submitted to their supervisors and Human Resources detailed records of their overtime during the requested six-year period.

20. During the period February through November 2014, Mr. Triolo and his coworkers' supervisors repeatedly inquired as to the status of payment.

21. Human Resources responded that they were working on it and requested additional time records and updates from Mr. Triolo and his coworkers.

22. On or about July 18, 2014, Mr. Triolo was advised by Nataya Cooper, Junior HR Generalist, that he was not eligible for overtime.

23. On or about September 24, 2014, Mr. Triolo wrote directly to the Human Resources Director, Patricia Dreste, to provide her with a snapshot of his job title of

4

"Telecommunications Technician" from Oracle and inquired as to why he was not being paid overtime.

24. On or about October 15, 2014, Ms. Dreste emailed a reply stating: "I apologize for my delayed response. We have done the analysis and you are classified correctly as exempt, i.e. ineligible for overtime pay."

25. Mr. Triolo replied requesting that Ms. Dreste send him a copy of the analysis and details of the decision.

26. Ms. Dreste failed to provide Mr. Triolo with any further explanation of Cantor Fitzgerald's refusal to pay overtime.

27. Other members of the Voice Support team performing the same job functions and with the same title as Mr. Triolo have been re-classified as non-exempt and are currently paid overtime pay, yet Cantor Fitzgerald has denied and through the present time continues to deny Mr. Triolo overtime pay.

28. Mr. Triolo has provided detailed records of his uncompensated overtime hours to defendants, which hours range from one or two hours per week to 45 hours of weekly overtime during the busiest periods.

29. Mr. Triolo is entitled to payment of unpaid overtime and spread of hours pay for the period May 25, 2011 through the present, plus liquidated damages and attorneys' fees, costs and interest.

**Pattern and Practice**

30. Upon information and belief, Cantor Fitzgerald engaged in a pattern and practice of willfully failing to pay its voice support employees overtime pay in full.

31. Upon informant and belief, on or about September 2014, Cantor Fitzgerald offered certain voice support employees, performing the same or similar functions to plaintiff, only partial payment of their overtime conditioned on their signing a document entitled "Acknowledgement of Payment," acknowledging that the payment "includes all compensation you believe is outstanding and due to date with respect to the time period the Company classified you as exempt from federal and state overtime laws."

32. Upon information and belief, Cantor Fitzgerald engaged in a pattern and practice of unlawfully requiring similarly situated individuals to sign purported waivers or acknowledgement forms as a condition of receiving partial payment of overtime, which waivers are invalid and contrary to law.

33. Upon information and belief, Cantor Fitzgerald engaged in a pattern and practice of unlawfully denying voice support employees performing the same or similar functions to plaintiff any overtime pay, on the pretext that their job titles exempted them from overtime.

34. Upon information and belief, Steven Puente, an employee performing the same or similar functions performed by plaintiff, was not paid overtime due him and was compelled to file a lawsuit in this Court to secure payment, *Steven Puente v. Cantor Fitzgerald et al,* Case No.: 15-CV-05196-RJS (S.D.N.Y. 2015).

35. Upon information and belief, Cantor Fitzgerald failed to post and keep posted notices explaining the overtime provisions of the FLSA and New York State

Labor laws in conspicuous places in every establishment where plaintiff and other voice support employees were employed so as to permit them to readily observe a copy.

36. Upon information and belief, Cantor Fitzgerald failed to comply with the record-keeping requirements of the FLSA and New York State Labor laws with respect to overtime hours worked by plaintiff and other voice support employees.

## FIRST CLAIM FOR RELIEF
## FLSA OVERTIME WAGES DUE

37. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-35 as if fully set forth herein.

38. This claim is brought individually on behalf of the named plaintiff under the FLSA.

39. The FLSA requires that employers pay all employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week pursuant to 29 U.S.C. § 207 *et seq.*

40. Defendants violated the FLSA by failing to compensate plaintiff for overtime wages.

41. Defendants willfully and intentionally failed to compensate plaintiff for overtime wages.

42. As a result of defendants' willful and unlawful violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages and liquidated damages, and reasonable attorneys' fees, costs, and interest.

## SECOND CLAIM FOR RELIEF
## NYLL OVERTIME WAGES

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-42 as if fully set forth herein.

44. This claim is brought individually on behalf of the named plaintiff.

45. The NYLL requires that employers pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week.

46. Defendants violated the NYLL by failing to compensate plaintiff for overtime wages.

47. Defendants willfully and intentionally failed to compensate plaintiff for overtime wages.

48. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NYLL SPREAD OF HOURS PAY

49. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-48 as if fully set forth herein.

50. This claim is brought individually on behalf of the named plaintiff.

51. The NYLL requires that employers pay employees spread of hours pay at minimum wage for any day in which the interval between the beginning and end of employee's workday exceeds 10 hours.

52. Defendants violated the NYLL by failing to compensate plaintiff for spread of hours pay.

53. Defendants willfully and intentionally failed to compensate plaintiff for spread of hours pay.

54. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff is entitled to recover his spread of hours pay, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment in plaintiff's favor and against defendants containing the following relief:

A. On all Claims for Relief, an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C. On all Claims for Relief, an award of damages for any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

D. On all Claims for Relief, an award of liquidated and/or punitive damages;

E. On all Claims for Relief, an award of costs that plaintiff has incurred in this action, and plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

  F. On all Claims for Relief, such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    June 28, 2017

            CONOVER LAW OFFICES
            Attorneys for Plaintiff

            By:   /s/
              Bradford D. Conover, Esq.
              Molly Smithsimon, Esq.
              345 Seventh Avenue, 21st Floor
              New York, NY  10001
              (212) 588-9080
              brad@conoverlaw.com
              molly@conoverlaw.com